UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ELIA PINECREST LLC,

    Plaintiff,

v.

ADEN HOSPITALITY GROUP, and
ELIA RIVERFRONT LLC,

    Defendants.
_____/

## COMPLAINT

Plaintiff ELIA PINECREST LLC ("**Plaintiff**") sues Defendants ADEN HOSPITALITY GROUP and ELIA RIVERFRONT LLC (collectively, "**Defendants**"), and states:

### NATURE OF ACTION

1. This is a civil action for trademark infringement, false designation of origin, and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and related Florida common law, arising from Defendants' unauthorized and infringing use of Plaintiff's established mark **"Elia"** in connection with restaurant and food service operations in South Florida.

2. Plaintiff seeks a court order to prevent further use of the Elia mark, recovery of Defendants' profits, actual damages, attorneys' fees, and all other relief the Court deems just and proper to protect its restaurants, brand, and reputation in South Florida.

### PARTIES, JURISDICTION, AND VENUE

3. Plaintiff is a Florida Limited Liability Company, with its principal place of business in Miami, Florida.

4. Defendant Elia Riverfront LLC is a Florida Limited Company, with its principal place of business in Miami, Florida.

5. Defendant Aden Hospitality Group is a foreign business entity conducting business in Miami, Florida. Upon information and belief, Defendant Aden Hospitality Group is the parent and controlling entity of Defendant Elia Riverfront LLC, exercising authority over its operations, management, and business decisions.

6. Upon information and belief, Defendants are the parent companies behind the restaurant Elia, also known as Elia on the River or Elia Riverfront, which is located on the Miami River.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338 and 28 U.S.C. § 1331, as this case involves claims arising under the Lanham Act. The Court also has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over Defendants because Defendants conduct continuous and systematic business within the State of Florida, including within this judicial district, and have committed acts of infringement within this District.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants reside in this District, conduct substantial business within it, and/or a substantial part of the acts giving rise to this claim occurred here.

## GENERAL ALLEGATIONS

10. Plaintiff has been continuously and exclusively using the Elia mark in connection with its restaurant and food service businesses in South Florida since as early as 2012.

11. Over the past thirteen years, Plaintiff has established restaurants, providing consistently high-quality dining experiences. Plaintiff has invested substantial resources in

marketing, advertising, social media promotion, community engagement, and maintaining the quality of its food and service, resulting in significant brand recognition and customer loyalty among local residents and visitors alike.

12. In or around July 2025, Plaintiff became aware that Defendants began operating a restaurant using Plaintiff's Elia mark, in the same geographic market, offering substantially the same type of cuisine and dining services as Plaintiff.

13. Plaintiff's operates a restaurant concept specializing in Mediterranean cuisine. Its menu, branding, and overall presentation are centered around the preparation and service of traditional and contemporary Mediterranean dishes. The restaurant is known for offering authentic Mediterranean-style food and has established a strong association with that type of cuisine in the market.

14. Defendants also operate a restaurant offering traditional and contemporary Mediterranean cuisine, thereby operating within the same culinary category and market segment as Plaintiff, and targeting the same consumer base seeking Mediterranean dining experiences.

15. Not only is the type of cuisine offered by the Defendants identical to that of Plaintiff—Mediterranean cuisine—but the textual element of the Defendants' mark (the "**infringing mark**") is also literally identical to Plaintiff's Elia mark. The infringing mark reproduces the same word, in the same spelling and format, as shown below, and is used in connection with identical restaurant services centered on Mediterranean food. This duplication goes beyond mere similarity; it creates a direct overlap that is likely to mislead consumers into believing that the Defendants' restaurant is affiliated with, sponsored by, or otherwise connected to Plaintiff.

**Elia mark**     **Infringing mark**



16.     Defendants' restaurant uses the infringing mark prominently on exterior signage, menus, promotional materials, and social media, including posts and advertisements visible to consumers along Interstate 95 and other high-traffic areas. As shown below, examples of Defendant's use of the infringing mark are evident.




4



17. Defendants' use of the infringing mark in the same culinary sector and geographic region has caused and is causing actual confusion among consumers, several of whom have inquired whether the businesses are affiliated, franchised, or otherwise connected.

18. Since Defendants began using the infringing mark in connection with its restaurant operations, multiple consumers have approached Plaintiff's staff and management under the mistaken belief that Defendants' restaurant is owned, operated, or affiliated with Plaintiff.

19. Consumers approaching Plaintiff under the mistaken belief that Defendants' restaurant is affiliated with or endorsed by Plaintiff undermine the distinctiveness of the Elia mark, dilute the value of Plaintiff's brand, and interfere with Plaintiff's ability to control the quality and perception of its services. Such confusion directly harms Plaintiff's customer relationships, business opportunities, and the trust the public places in its restaurants.

20. These incidents demonstrate that Defendants' unauthorized use of the Elia mark has caused actual consumer confusion and is likely to continue causing the public to mistakenly associate Defendants' restaurant with Plaintiff's established and reputable dining business.

21. Defendants' infringing use of the Elia mark within the same culinary sector is causing significant dilution of Plaintiff's distinctive brand identity. By adopting an infringing mark in connection with similar Mediterranean restaurant services, the Defendants weaken the unique association between Plaintiff's Elia mark and its established reputation for quality Mediterranean cuisine.

22. In addition, the Defendants' use of the infringing mark exposes Plaintiff to reputational harm. Any negative reviews, poor service, or other adverse experiences at the Defendants' restaurant could be mistakenly associated with Plaintiff, further weakening the distinctiveness of the Elia mark and harming the goodwill and reputation Plaintiff has built over many years.

23. Plaintiff sent Defendants a Cease-and-Desist Demand on July 11, 2025, notifying Defendants of Plaintiff's prior and established rights in the Elia mark and demanding that Defendants immediately cease using the infringing mark. *See* the Cease-and-Desist Demand Letter attached as **Exhibit A.**

24. Despite receiving this notice, Defendants did not respond and have willfully ignored Plaintiff's demand and continues to use the Elia mark in commerce, thereby infringing Plaintiff's rights and damaging its goodwill.

25. Defendants' conduct has caused and continues to cause irreparable harm to Plaintiff's reputation, brand identity, and control over its Elia mark.

26. The Defendants' unauthorized use of the infringing mark also threatens Plaintiff's current and future growth plans. Because both businesses operate in the same geographic area, and because the Defendants could expand into new locations, the risk of consumer confusion and further dilution of Plaintiff's Elia mark increases. This interference not only jeopardizes Plaintiff's ability to open new restaurants and attract loyal customers but also undermines potential franchise opportunities and investor confidence in Plaintiff's brand. Defendants' actions thus pose a serious threat to both the value and expansion of Plaintiff's business.

27. All conditions precedent to the filing of this action have been performed, have occurred, or have otherwise been waived.

28. Plaintiff has obligated itself to pay the undersigned attorneys a reasonable fee for their legal services.

**COUNT I – TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a)**

29. Plaintiff re-alleges the allegations of paragraphs 1 through 28 above.

30. Plaintiff owns valid and enforceable common law rights in the Elia mark through its continuous and exclusive use in commerce since at least 2012 in connection with restaurant and food service operations throughout South Florida.

31. Over the course of thirteen years, Plaintiff's Elia mark has become distinctive within the South Florida restaurant market and has acquired secondary meaning, such that consumers associate the Elia mark exclusively with Plaintiff's restaurants and the quality, reputation, and consistency of its dining services.

32. Defendants have intentionally and without authorization adopted and used the infringing mark in connection with their own restaurant operations within the same geographic market and for identical or closely related services.

33. Defendants' use of the infringing mark in advertising, signage, and social media promotions is likely to cause, and has already caused, consumer confusion, mistake, and deception as to the source, affiliation, or sponsorship of Defendants' restaurant.

34. The Defendants are not only using an infringing mark but are offering Mediterranean cuisine in overlapping geographic areas. This parallel operation significantly increases the likelihood of consumer confusion, further dilutes Plaintiff's distinctive brand, and exploits the goodwill that Plaintiff has built over many years.

35. Since Defendants began operating under the infringing mark, members of the public have approached Plaintiff's employees and management under the mistaken belief that Defendants' restaurant is owned, operated, or affiliated with Plaintiff.

36. These incidents of actual consumer confusion have caused substantial harm to Plaintiff's goodwill, reputation, and brand identity in the South Florida restaurant market.

37. Defendants' actions also directly interfere with Plaintiff's ability to grow its business and pursue future franchise opportunities. The presence of a competing business using the infringing mark undermines potential investor confidence, complicates market expansion, and threatens the long-term value and goodwill of Plaintiff's brand.

38. Defendants' infringement is willful and deliberate, undertaken with full knowledge of Plaintiff's prior rights and with the intent to trade on Plaintiff's established goodwill and reputation. *See* Cease-and-Desist Demand Letter, Exhibit A.

39. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer irreparable harm, including injury to its reputation, dilution of its Elia mark, loss of control over the quality of services offered under the Elia mark, and damage to its customer relationships.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants, including: enjoining Defendants from using the Elia mark or any confusingly similar mark in connection with restaurant or food services; requiring Defendants to remove or destroy all materials bearing the infringing mark; awarding Plaintiff damages, including Defendants' profits and actual damages, and enhanced damages for willful infringement; awarding costs, attorneys' fees, and pre- and post-judgment interest; and granting such other and further relief as the Court deems just and proper.

## COUNT II – FLORIDA COMMON LAW UNFAIR COMPETITION

40. Plaintiff re-alleges the allegations of paragraphs 1 through 28 above.

41. Plaintiff has developed substantial goodwill and reputation in the South Florida restaurant and food service market through the continuous and exclusive use of the Elia mark since at least 2012.

42. Over the course of thirteen years, Plaintiff's Elia mark has become distinctive within the South Florida restaurant market and has acquired secondary meaning, such that consumers associate the Elia mark exclusively with Plaintiff's restaurants and the quality, reputation, and consistency of its dining services.

43. Since at least July 2025, Defendants have intentionally and without authorization adopted and used an infringing mark in connection with its own restaurant operations within the same geographic market and for identical or closely related services.

44. The Defendants are not only using an infringing mark but are offering Mediterranean cuisine in overlapping geographic areas. This parallel operation significantly increases the likelihood of consumer confusion, further dilutes Plaintiff's distinctive brand, and exploits the goodwill that Plaintiff has built over many years.

45. Since Defendants began operating under the infringing mark, members of the public have approached Plaintiff's employees and management under the mistaken belief that Defendants' restaurant is owned, operated, or affiliated with Plaintiff.

46. Defendants' unauthorized use of the infringing mark constitutes passing off, misrepresentation, and exploitation of Plaintiff's established goodwill as it creates the false impression that Defendants' restaurant is affiliated with, endorsed by, or part of Plaintiff's restaurant group.

47. As a result of Defendants' actions, consumers have been and are likely to continue to be confused, mistaken, or deceived into believing that Defendants' restaurant is affiliated with, endorsed by, or associated with Plaintiff.

48. Defendants' actions also directly interfere with Plaintiff's ability to grow its business and pursue future franchise opportunities. The presence of a competing business using Plaintiff's Elia mark undermines potential investor confidence, complicates market expansion, and threatens the long-term value and goodwill of Plaintiff's brand.

49. Defendants' conduct has caused and continues to cause irreparable harm to Plaintiff's business reputation, customer relationships, and brand recognition.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendants, including: enjoining Defendants from using the Elia mark or any confusingly similar mark in connection with restaurant or food service operations; requiring Defendants to remove or destroy all materials bearing the infringing mark; awarding Plaintiff damages, costs, and reasonable attorneys' fees; and granting such other and further relief as the Court deems just and proper.

## COUNT III – COMMON LAW TRADEMARK INFRIGEMENT

50. Plaintiff re-alleges the allegations of paragraphs 1 through 28 above.

51. Plaintiff has continuously and exclusively used the Elia mark in connection with its restaurant and food service operations in South Florida since at least 2012. Through over thirteen years of consistent operation, extensive advertising, and high-quality services, Plaintiff has established strong and distinctive common law rights in the Elia mark.

52. Plaintiff's Elia mark has become recognized among consumers in the South Florida restaurant market as a symbol of Plaintiff's restaurants, representing quality, consistency, and a unique dining experience. The Elia mark has acquired secondary meaning, such that the consuming public associates the Elia mark exclusively with Plaintiff and its affiliated establishments.

53. Defendants, without authorization, have adopted and are using the infringing mark in connection with its own restaurant operations within the same geographic area, providing identical or closely related services.

54. The Defendants are not only using an infringing mark but are offering Mediterranean cuisine in overlapping geographic areas. This parallel operation significantly increases the likelihood of consumer confusion, further dilutes Plaintiff's distinctive brand, and exploits the goodwill that Plaintiff has built over many years.

55. Defendants' actions have wrongfully appropriated Plaintiff's established Elia mark and the goodwill it represents, allowing Defendants to benefit commercially from the reputation, recognition, and customer loyalty that Plaintiff has built over thirteen years in the South Florida restaurant market.

56. Defendants' use of the infringing mark is likely to cause and has caused confusion, mistake, and deception among consumers, many of whom have approached Plaintiff, believing that Defendants' restaurant is affiliated with, sponsored by, or endorsed by Plaintiff.

57. Such unauthorized use by Defendants have diluted and tarnished the distinctive quality of Plaintiff's Elia mark and interfered with Plaintiff's ability to control the quality and reputation of its restaurant services.

58. Defendants' actions also directly interfere with Plaintiff's ability to grow its business and pursue future franchise opportunities. The presence of a competing business using Plaintiff's Elia mark undermines potential investor confidence, complicates market expansion, and threatens the long-term value and goodwill of Plaintiff's brand.

59. As a direct and proximate result of Defendants' infringement, Plaintiff has suffered and continues to suffer irreparable harm, including damage to its goodwill, customer relationships, brand recognition, and overall reputation in the South Florida restaurant market.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendants, including: enjoining Defendants from using the Elia mark or any confusingly similar mark in connection with restaurant or food service operations; requiring Defendants to remove or destroy all materials bearing the infringing mark; awarding Plaintiff damages, costs, and reasonable attorneys' fees; and granting such other and further relief as the Court deems just and proper.

### COUNT IV – FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT VIOLATION

60. Plaintiff re-alleges the allegations of paragraphs 1 through 28 above.

61. Plaintiff is engaged in the restaurant and food service business in South Florida and has continuously and exclusively used the Elia mark in connection with its restaurants since at

least 2012. Through over thirteen years of operation, extensive advertising, and high-quality services, Plaintiff has developed substantial goodwill and brand recognition in the South Florida restaurant market.

62. Defendants have knowingly and without authorization adopted and are using the infringing mark in connection with its own restaurant operations in the same geographic area, providing identical or closely related services.

63. The Defendants are not only using an infringing mark but are offering Mediterranean cuisine in overlapping geographic areas. This parallel operation significantly increases the likelihood of consumer confusion, further dilutes Plaintiff's distinctive brand, and exploits the goodwill that Plaintiff has built over many years.

64. Defendants' use of the infringing mark constitutes deceptive and unfair trade practices, misleading the public into believing that Defendants' restaurant is affiliated with, endorsed by, or operated in connection with Plaintiff.

65. Defendants' actions have caused actual consumer confusion. Patrons have approached Plaintiff's restaurants under the mistaken belief that Defendants' restaurant is affiliated with Plaintiff, resulting in lost business, misdirected customer inquiries, and confusion over the source and quality of restaurant services.

66. Defendants' actions also directly interfere with Plaintiff's ability to grow its business and pursue future franchise opportunities. The presence of a competing business using Plaintiff's Elia mark undermines potential investor confidence, complicates market expansion, and threatens the long-term value and goodwill of Plaintiff's brand.

67. Defendants' unfair and deceptive conduct has also diverted business from Plaintiff, resulting in economic harm and interference with Plaintiff's ability to control the quality and perception of services offered under the Elia mark.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendants, including: enjoining Defendants from using the Elia mark or any confusingly similar mark in connection with restaurant or food service operations; requiring Defendants to remove or destroy all materials bearing the infringing mark; awarding Plaintiff damages, costs, and reasonable attorneys' fees; and granting such other and further relief as the Court deems just and proper.

Dated: October 20, 2025                      Respectfully Submitted,

**OSORIO INTERNACIONAL, P.A.**
175 S.W. 7th Street, Suite 1800
Miami, FL 33130
Telephone: 305-900-4103

*/s/ Carlos F. Osorio*
Carlos F. Osorio, Esq., B.C.S.
Florida Bar No.: 597546
E-mail: cosorio@osorioint.com
Evelyn Migandi Barroso, Esq.
Florida Bar No. 1007858
E-mail: ebarroso@osorioint.com

*Counsel for Plaintiff Elia Pinecrest LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of October, 2025, a true and correct copy of the foregoing was electronically filed via CM/ECF filing portal, which will serve this filing on all counsel of record via this Court's e-service system.

*/s/ Carlos F. Osorio*
Carlos F. Osorio